Marshall, C. J.
 

 This is an action praying the allowance of a writ of mandamus, begun as an original action in this court. The petition alleges that by virtue of the provisions of Section 7630-1, General Code, the board of education of Burlington township, Licking county, proceeded to provide funds for repairing and rebuilding a school house; that all necessary proceedings were entered into, and it was duly resolved to sell bonds in the sum of 455.000: that the board advertised
 
 *209
 
 for bids for such bonds; and that upon opening tbe bids tbe board accepted tbe bid of relators. Tbe petition further alleges that bonds have been printed, signed by the clerk of the board, and are ready for delivery except that the same have not been signed by E. L. Patton, as president of the board, and that the president refused and still refuses to sign the same. It is sought by the writ of mandamus to compel him to sign the bonds in order that the same may be delivered to relators.
 

 The president of the board has filed an answer alleging many irregularities, but in this opinion we will notice only that portion thereof which relates to the point upon which the cause has been decided. The answer alleges that the relators were not the highest bidder for said bonds, but, on the contrary, that another bidder, W. L. Slay-ton & Co., offered a higher premium therefor.
 

 It is provided by Section 2294, General Code, that—
 

 “All bonds issued by * * * boards of education * * * shall be sold to the highest bidder after being advertised once a week for three consecutive weeks and on the same day of the week, in a newspaper having general circulation in the county where the bonds- are issued. * * *”
 

 It is not claimed by relators that they were the highest bidder, but it is sought to justify the action of the board by showing that the advertisement for bids contained the provision that “said bids must be unconditional.” And it has further been shown by the testimony that the board of education was of the opinion and had declared
 
 *210
 
 that the hid of W. L. Slayton & Co. was not unconditional.
 

 The pertinent parts of that bid and the only parts which this court has considered in the disposition of this case read as follows:
 

 “For your $55,000 Burlington Township Rural School District 5%% bonds,
 
 upon your having furnished us with a certified transcript showing said bonds to be legally issued in accordance with Section 7630-1 of the General Code of
 
 Ohio, we will pay you * * * par and accrued interest and a premium of $1,001.00.”
 

 The part printed in italics, and the only part which has been considered, is the part which the board of education was advised constituted a com dition to the bid.
 

 It is quite certain that that language was a part of the language of the bid and therefore a part of its terms and the question arises whether that language constituted the bid a conditional bid and therefore in violation of the requirements of the legal advertisement.
 

 It is not an unusual requirement and it is not in fact claimed that the requirement of furnishing a certified transcript rendered the bid a conditional one, because it is conceded that Section 2295-3, General Code, requires such a transcript to be furnished to the successful bidder. It is claimed, however, that the requirement that the “certified transcript showing the bonds to be legally issued in accordance with Section 7630-1 of the General Code” becomes a condition, and this is evidently upon the theory that it was intended to impose upon bidders the risk of the validity,
 
 *211
 
 regularity and legality of the proceedings. If the proceedings were in all respects regular and legal, the language referred to would not operate as a condition, because there would be no risk. There would only be a risk, and therefore there would only be a condition in fact, in the. event the proceedings were found so defective as not to constitute a valid obligation of the board, but it would be wholly contrary to the plainest principles of justice to require a bidder to carry out the terms of his bid knowing that it would result in a total loss of the amount paid. Full compliance with the terms of the bid. could in any event be compelled upon a showing that the proceedings were entirely regular and in full compliance with the section of the statutes, notwithstanding the language which the board found objectionable; and, on the other hand, if that language had been omitted from the bid, performance could not have been compelled if the proceedings lacked regularity and legality. If the objectionable language, had been omitted from the proposal, it would nevertheless have been fully implied, and quite as effective as though expressed. If it was intended by the board to create a binding obligation on the part of the bidder to perform its terms, even though the proceedings did not create a legal obligation upon the board, then we do not hesitate to say that no form of advertisement and no requirement made upon bidders would be effective to produce such a result. If it was attempted to extend by contract the doctrine of
 
 caveat emptor
 
 to such a transaction the answer of this court is that its process may not
 
 *212
 
 be invoked to bring about the consummation o±‘ such an unjust result. In this controversy the difference in the amount of the premium between the bid of relator and the bid of Slayton & Co. is not large, but there is a principle involved in the matter which is not in any way controlled by the amount which may be saved or lost. The language of the statute is that the board must accept the highest bid; and that statutory provision is mandatory. Having failed to accept the highest bid, there is no legal duty on the part of the president of the board to sign the bonds in favor of a bidder offering a smaller premium. The writ of mandamus will therefore be denied, and the petition dismissed. ,
 

 Writ denied.
 

 Wanamaker, Robinson, Jones and Day., JJ., concur.
 

 Allen, J., took no part in the consideration or decision of the case.